IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 4:02-00275-01-CR-W-DW ) |
| CHARLES A. FRANCIS, | ) ) |
| Respondent. | ) |

ORDER

Before the Court is Defendant's Motion for Dismissal of Case with Prejudice and Vacating of Illegally Imposed Sentence and Order of Immediate Release from Federal Incarceration. (Doc. 24). For the following reasons, the motion is DENIED.

Defendant's challenge here is to the validity of a federal sentence and is accordingly construed as one brought under 28 U.S.C. § 2255[1]. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). The Defendant contends that the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005) requires that constitutional errors in his indictment and sentencing be corrected by invalidating his conviction and sentence.

First, as a § 2255 motion, this motion is untimely filed. Petitioner was sentenced on February

---

[1] "A petitioner who seeks to challenge his sentence or his conviction generally must do so in the sentencing court through [28 U.S.C.] § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). The present claims could have been raised in a timely motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255. As petitioner has not demonstrated that a Section 2255 petition is inadequate or ineffective to test the legality of his detention, the Court construes this motion as one pursuant to 28 U.S.C. § 2255.

1

27, 2003, three years prior to the filing of this motion on March 17, 2006.  Section 2255 sets forth a one-year statute of limitations, and petitioner has failed to establish any newly discovered evidence or newly recognized constitutional right that would justify relief from the prohibitions of Section 2255 against untimely petitions.  United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).

Second, even if the motion were not time-barred, the United States Court of Appeals for the Eighth Circuit (and every other federal circuit to consider the issue) has held that the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced and thus does not apply retroactively to cases on collateral review.  Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005).  Thus, Booker does not apply retroactively to Defendant's 2003 sentence.

For the aforementioned reasons, Defendant's Motion (Doc. 24) is DENIED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:   June 15, 2006